E-FILED
Wednesday, 23 April, 2014 04:54:08 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ANNA F. ISAACS and<br>JODY D. KIMBRELL<br>    Plaintiffs,<br><br>v.<br><br>ROYAL BANK OF CANADA<br>and RBC CAPITAL MARKETS<br>    Defendants. | No. 14-1138 |

**REPORT & RECOMMENDATION**

The Plaintiffs' Complaint asserts diversity of citizenship as the basis of this Court's subject matter jurisdiction. The allegations of the Complaint are not sufficient to support that assertion.

In the Complaint, filed on April 11, 2014, the Plaintiffs stated that they are both citizens of Illinois, that the Defendant Royal Bank of Canada has its principal place of business in Toronto, Canada and New York, New York, and the Defendant RBC Capital Markets is headquartered in Chicago, Illinois. (Doc. 1 at p. 2).

Diversity jurisdiction requires that the citizenship of all plaintiffs be diverse from the citizenship of all defendants. 28 USC §1332; *Wisconsin Department of Corrections v. Schacht*, 524 US 381, 388 (1998) (explaining that a case falls within a federal court's diversity jurisdiction only if there is no plaintiff and no defendant who are citizens of the same state). Corporations have dual citizenship: the state of

1

incorporation and the state in which the principal place of business is located. 28 USC §1332(c)(1). A corporation's principal place of business is, in turn, located where its executive headquarters or "nerve center" is located. *Illinois Bell Telephone Co., Inc. v Global NAPs Illinois, Inc.*, 551 F3d 587, 590 (7th Cir 2008).

There is not complete diversity between the Plaintiffs and the Defendants here where the Plaintiffs state that they are Illinois citizens and that one of the Defendants, RBC Capital Markets, is headquartered in Chicago, Illinois. Furthermore, the Plaintiffs do not adequately allege the citizenship of the Defendant Royal Bank of Canada; a corporation cannot have two principal places of business.

The Plaintiffs previously filed a Complaint against the same Defendants named here and three individuals in a separate case. *See Isaacs and Kimbrell v. Royal Bank of Canada, RBC Capital Markets Corporation, Anthony J. Giananni, Todd Rhoades, and Steven Smith*, CDIL Case No. 14-1036 (McDade, J.). On April 8, 2014, the Court entered an order in Case No. 14-1036 explaining that the Plaintiffs alleged five causes of action including Fraudulent Conveyance of Real Property, Fraudulent Mortgage Documents, Deceptive Business Practices, Breach of Fiduciary Duty, and Gross Negligence. The majority of the Court's April 8th order, however, was directed to the Plaintiffs' statement of the Court's jurisdiction over those causes of action under 28 USC §1332. The Court accepted the Plaintiffs' allegations that they were domiciled in Peoria County, Illinois, and the Court discussed how one of the named defendants was a citizen and domiciliary of the State of Illinois. The Court

thus held that complete diversity between the parties was lacking so that the Court did not have diversity jurisdiction. Finally, the Court explained that there was no other viable basis for it to retain jurisdiction over the matter and so the Court granted the Defendants' Motion to Dismiss and terminated the case.

At the time the Plaintiffs filed the instant case (three days after Case No. 14-1036 was dismissed), they were on notice that complete diversity was necessary in order to invoke the Court's subject matter jurisdiction and that opposing parties from Illinois defeated complete diversity. Moreover, they identify the very same five claims here that they did in Case No. 14-1036. Finally, the Court notes that the instant lawsuit is Plaintiff Isaacs' third attempt to file a lawsuit against Royal Bank of Canada. Her original lawsuit, *Isaacs v Royal Bank of Canada, et al.*, CDIL Case No. 13-1565 (Shadid, J.), was dismissed for lack of standing. In both Case No. 14-1036 and Case No. 13-1565, the issue of whether the *Colorado River* abstention doctrine[1] warranted the federal courts' dismissal of the Plaintiffs' cases was identified, though the Courts in those cases did not reach the issue.

The Court therefore recommends that this matter be dismissed for lack of subject matter jurisdiction. The Court further recommends that the Plaintiffs be admonished that vexatious and repeated filings against the same Defendants may

---

[1] *Colorado River Water Conservation District v US* provides that generally, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court." 424 US 800, 817 (1976); *Huon v Johnson & Bell, Ltd.*, 657 F3d 641, 645 (7th Cir 2011). The *Colorado River* abstention doctrine creates a narrow exception to that general rule by allowing federal courts in some exceptional cases to dismiss the case in deference to a concurrent state-court case after careful consideration of "both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise[.]" *Colorado River*, 424 US at 818-19.

3

result in the imposition of sanctions.  *See US ex rel Verdone v Circuit Court for Taylor County*, 73 F3d 669, 671 (7th Cir 1995) (stating that the frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice and that the courts have a duty to ensure that resources are allocated in order to promote the interests of justice), quoting *In re McDonald*, 489 US 180, 184 (1989). The Plaintiffs are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk within fourteen (14) working days after service of this Report and Recommendation.  FRCP 72(b)(2); 29 USC §636(b)(1). Failure to object will constitute a waiver of objections on appeal.  *Johnson v Zema Sys. Corp.*, 170 F3d 734, 739 (7th Cir 1999); *Lorentzen v Anderson Pest Control*, 64 F3d 327, 330 (7th Cir 1995).

    Entered on April 23, 2014

                      s/Jonathan E. Hawley
                      U.S. MAGISTRATE JUDGE