IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ANNA F. ISAACS and<br>JODY D. KIMBRELL,<br><br>   Plaintiffs,<br><br>v.<br><br>ROYAL BANK OF CANADA,<br>a Canadian Chartered Bank, and<br>RBC CAPITAL MARKETS,<br><br>   Defendants. | No. 1:14-cv-01138-SLD-JEH |

## ORDER

Plaintiffs Anna F. Isaacs and Jody D. Kimbrell object to U.S. Magistrate Judge Jonathan E. Hawley's recommendation that this case be dismissed due to lack of subject matter jurisdiction. For the following reasons, the Court ADOPTS Magistrate Judge Hawley's Report and Recommendations, ECF No. 7. This case is DISMISSED without prejudice.

## BACKGROUND

Plaintiffs, proceeding pro se, filed a five-count Complaint on April 11, 2014, alleging that Defendants are liable for fraudulent conveyance of property, mortgage fraud, deceptive business practices, breach of fiduciary duty, and negligence. Compl., ECF No. 1. Plaintiffs plead the existence of federal jurisdiction on the basis of diversity of citizenship. Specifically, they allege that Plaintiffs are both citizens of Illinois; Defendant Royal Bank of Canada is a Canadian-chartered bank with principal places of business in Toronto, Canada, and New York, New York; and Defendant RBC Capital Markets ("RBCCM") is headquartered in Chicago, Illinois. *Id.* at 2. On April 23, 2014, Magistrate Judge Hawley entered a Report and Recommendations ("Report") finding that

1

Plaintiffs failed to establish diversity jurisdiction because: (1) both Plaintiffs and RBCCM are alleged to be citizens of Illinois for purposes of 28 U.S.C. § 1332; and (2) Royal Bank of Canada cannot have two principal places of business. Report & Rec. 2, ECF No. 7.

The Report noted that Plaintiffs had asserted the same claims against these and additional Defendants in an earlier case filed in this District. *Id.* (citing *Isaacs v. Royal Bank of Can.*, No. 14-cv-1036, 2014 WL 1379345 (C.D. Ill. April 8, 2014)). The court dismissed that case for lack of jurisdiction, explaining that diversity was incomplete because Plaintiffs had alleged that they and one of the Defendants were citizens of Illinois. *Isaacs*, 2014 WL 1379345 at *2. Therefore, "[a]t the time the Plaintiffs filed the instant case," the Report states, "they were on notice that complete diversity was necessary in order to invoke the Court's subject matter jurisdiction and that opposing parties from Illinois defeated complete diversity." Report & Rec. 3. The Report therefore recommended that the Court (1) dismiss this case for lack of subject matter jurisdiction, and (2) admonish Plaintiffs that vexatious and repeated filings against the same Defendants may result in the imposition of sanctions.[1] *Id.* at 3–4.

Plaintiffs filed an objection to the Report on April 24, 2014, and moved for reconsideration of the Report's proposed findings on April 29, 2014. Both motions stated that RBCCM is a wholly owned subsidiary of Royal Bank of Canada, itself a Canadian company, and recited the same general legal principles to the effect that a corporation's principal place of business for purposes of 28 U.S.C. § 1332 is its headquarters or nerve center, and that courts should take extra care when adjudicating the rights of pro se litigants. Objection, ECF No. 8; Mot. Recons., ECF No. 10.

---

[1] The Report noted that the instant case is Plaintiff Isaacs' third suit against Royal Bank of Canada and RBCCM. Report & Rec. 3. The first, *Isaacs v. Royal Bank of Can.*, No. 13-1565 (C.D. Ill. Jan. 28, 2014), was dismissed for lack of standing. Report & Rec. 3.

**DISCUSSION**

**I. Legal Standard**

When reviewing a magistrate judge's recommendation on a dispositive issue, a court considers de novo those portions of the report to which a party timely objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Federal diversity jurisdiction is defeated if any plaintiff is a citizen of the same state as any defendant. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). A corporation is a citizen of both the state where it is incorporated and the state containing its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is its "nerve center," or, "more concretely, where its executive headquarters are located." *Ill. Bell Tel. Co., Inc. v. Global NAPs Ill., Inc.*, 551 F.3d 587, 590 (7th Cir. 2008). A corporation has only one principal place of business. *Metro. Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th Cir. 1991). The party claiming federal jurisdiction must establish the facts supporting that jurisdiction, when contested, by a preponderance of the evidence. *Id.*

District courts must construe pro se pleadings liberally and allow "ample opportunity" to amend a complaint where the plaintiff could state a meritorious claim by doing so. *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). "The essence of liberal construction is to give a pro se plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998). A plaintiff's pro se status will not save her complaint, however, where its factual basis fails to support subject matter

jurisdiction. *See, e.g., Wolf v. Fliss*, No. 96-2158, 1997 WL 14158, at *2 (7th Cir. Jan. 9, 1997) (upholding dismissal of pro se complaint for lack of diversity jurisdiction where it was undisputed that plaintiff and defendants resided in the same state); *Eyiowuawi v. Chi. Medicar Co.*, No. 05 C 5210, 2007 WL 723393, at *2 (N.D. Ill. Mar. 5, 2007) (dismissing pro se complaint where facts undermined claim to federal subject matter jurisdiction); *DeLagrange v. Matthews*, No. 1:04-CV-454, 2006 WL 2623266, at *4 (N.D. Ind. Sept. 12, 2006) (dismissing pro se complaint when plaintiff failed to provide evidentiary support to counter challenge to diversity of citizenship).

A federal court has no authority to consider the merits when it determines subject matter jurisdiction is lacking, and must immediately dismiss the case. *See* Fed. R. Civ. P. 12(h); *State of Ill. v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998). Dismissal for lack of subject matter jurisdiction is without prejudice. *Murray v. Conseco, Inc.*, 467 F.3d 602, 605 (7th Cir. 2006).

**II. Analysis**

Because the Court must dismiss this case if it lacks subject matter jurisdiction, the Court reviews Magistrate Judge Hawley's recommendation de novo. *See* 28 U.S.C. § 636(b)(1). Because Plaintiffs are proceeding pro se, the Court must read their pleadings more generously than it would for represented parties. *See Donald*, 95 F.3d at 555. The Complaint specifically invokes diversity jurisdiction; additionally, since all of Plaintiffs' claims are based in state law, federal question jurisdiction is not an option. Compl. ¶ 1; *see* 28 U.S.C. § 1331. Therefore, Plaintiffs must establish jurisdiction based on complete diversity of parties. *See Schacht*, 524 U.S. at 388.

Construing the Complaint liberally, the Court could perhaps countenance Plaintiffs' allegation of two principal places of business for Royal Bank of Canada so long as Defendant's citizenship in either state did not defeat complete diversity. Plaintiffs' jurisdictional pleading

regarding RBCCM, however, is fatal. The Complaint does not state expressly what type of entity RBCCM is for jurisdictional purposes, *see* Compl. 2, but—after the Report concluded that Plaintiffs alleged RBCCM to be a subsidiary corporation of Royal Bank of Canada—Plaintiffs failed to claim a different status, if applicable, and provide relevant factual allegations regarding RBCCM's citizenship under that theory. Indeed, in both their objection to the Report and request for reconsideration, Plaintiffs acknowledge that a corporation's principal place of business is its "nerve center" or headquarters, implicitly affirming the Report's conclusion that they are claiming corporate status for RBCCM.

The Complaint alleges that RBCCM is headquartered in Chicago, Illinois. Even after Magistrate Judge Hawley specifically explained why this allegation was problematic for jurisdiction, however, Plaintiffs have made no effort in their subsequent responsive filings to amend their allegations or produce evidence to establish that RBCCM's nerve center or headquarters is in a different state. This factual allegation defeats diversity jurisdiction no matter how artfully pled; Plaintiffs' repeated failure[2] to allege diverse citizenship for RBCCM implies that they cannot. Granting Plaintiffs further opportunity to amend their claims is therefore unlikely to produce a justiciable case. *See Donald*, 95 F.3d at 555.

Alleging shared citizenship by Plaintiffs and RBCCM is no mere technicality that can be overlooked on the basis of pro se status, but a fundamental flaw that requires the Court to dismiss the case for lack of subject matter jurisdiction. *See State of Ill.*, 137 F.3d at 478. As this dismissal is necessarily without prejudice, *see Murray*, 467 F.3d at 605, Plaintiffs are free to bring their suit

---

[2] Plaintiffs have known that pleading the same state of citizenship for themselves and any Defendant will lead to dismissal at least since April 8, 2014, when another Central District of Illinois court dismissed Plaintiffs' claims against Royal Bank of Canada and RBCCM due to lack of complete diversity. *See Isaacs*, 2014 WL 1379345 at *2.

5

again if they name properly diverse defendants or establish a different jurisdictional basis for their claims. However, Plaintiffs should be aware that "frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit" and are grounds for imposing sanctions such as fines and/or restrictions on the litigant's ability to proceed in federal court. *See United States ex rel. Verdone v. Circuit Ct. for Taylor Cnty.*, 73 F.3d 669, 671, 674–75 (7th Cir. 1995).

## CONCLUSION

The Court ADOPTS Magistrate Judge Hawley's Report and Recommendations, ECF No. 7. This case is DISMISSED without prejudice due to lack of subject matter jurisdiction. The Clerk is directed to enter judgment and close the case.

Entered this 16th day of June, 2014.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
